No. **CR 10 00212 HRL**

FILED
MAR 2 4 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

*e-filing*

---

THE UNITED STATES OF AMERICA

vs.

CURTIS IWATSUBO

---

## INDICTMENT

**COUNT ONE:**     29 U.S.C. § 501(c) - Embezzlement

**COUNT TWO:**     18 U.S.C. § 1001 - False Statements to Government Agency.

*A true bill.*

_____
Heather McNeely, Deputy   Foreperson

---

Filed in open court this **24** day of **March**

A.D. 201**0**

_____
Patricia V. Trumbull
**United States Magistrate Judge**

---



Bail. $ **no bail arrest warrant**

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

FILED
MAR 24 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CR 10 00212 JF HRL

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | VIOLATIONS: 29 U.S.C. § 501(c) – Embezzlement; 18 U.S.C. § 1001 – False Statements to Government Agency |
| v. | |
| CURTIS IWATSUBO, | SAN JOSE VENUE |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times relevant to this indictment:

1. The Glass, Molders, Pottery, Plastics & Allied Workers Local 52 (GMP Local 52) was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j). GMP Local 52 was comprised of over 200 members, all of whom Owens-Corning employed at a facility located at 960 Central Expressway in Santa Clara, California.

2. GMP Local 52 was required to file a Form LM-3 Labor Organization Annual

**INDICTMENT**

Report ("Form LM-3") with the United States Department of Labor pursuant to Title 29, United States Code, and Section 431. The Form LM-3 included information related to GMP Local 52's monetary disbursements during its fiscal year.

3. GMP Local 52 was required to maintain records on the matters reported in the Form LM-3 from which the basic information and data reported in the Form LM-3 could be verified, explained, or clarified, and checked for accuracy and completeness pursuant to Title 29, United States Code, Section 436. GMP Local 52's financial secretary-treasurer was required to maintain the union's financial records.

4. GMP Local 52 maintained a workspace at the Owens-Corning facility in Santa Clara, California.

5. GMP Local 52 held a checking account with Bank of the West with an account number ending in 240 ("the checking account"). Two signatures were required to disburse union funds through checks. The individuals authorized to sign checks on behalf of GMP Local 52 were the president, vice president, and financial secretary-treasurer. GMP Local 52 also had a ATM debit card that Bank of the West issued for the checking account. The funds in the checking account were to be used solely for the benefit of GMP Local 52.

6. Defendant Curtis Iwatsubo ("Iwatsubo") was at various times a resident of Santa Clara and Antioch, California. Iwatsubo was financial secretary-treasurer of GMP Local 52 from September 2004 until his resignation from that office on December 13, 2005. Iwatsubo's responsibilities as financial secretary-treasurer GMP Local 52 included depositing dues money deducted from members' paychecks as well as preparing and signing checks to disburse union funds from the checking account. Iwatsubo was also responsible for recording receipts and disbursements in the union's check register so that GMP Local 52's checking account balance would reflect all disbursements of union funds.

7. As financial secretary-treasurer of GMP Local 52, Iwatsubo was provided the only ATM debit card that was issued for the GMP Local 52 checking account. Iwatsubo received this ATM debit card after signing a signature card for GMP Local 52's checking account at a Bank of the West on or about October 27, 2004. Iwatsubo identified himself on the bank signature card

as the financial secretary-treasurer of GMP Local 52 and a signatory for the checking account. Iwatsubo also certified to Bank of the West that he had the authority to maintain the union's account. Iwatsubo provided his home address in Santa Clara on the bank signature card, and financial statements for the GMP Local 52 checking account were subsequently sent to this address. These financial statements detailed all of the ATM debit card activity that was taking place on the GMP Local 52 checking account.

8. As a result of the October 2004 process of filling out a bank signature card for the GMP Local 52 checking account, Iwatsubo in his capacity as financial secretary-treasurer received an ATM debit card for that account. Iwatsubo knew the PIN number for that ATM debit card, which contained a security code on the back. Iwatsubo was instructed to use the GMP Local 52 ATM debit card only for authorized union purposes and to record those disbursements in the GMP Local 52 check register. Iwatsubo was also required to maintain a receipts and disbursements journal for the purpose of preparing GMP Local 52's annual Form LM-3.

9. As an Owens-Corning employee, Iwatsubo was issued an American Express card that was to be used only for business conducted on behalf of Owens-Corning ("the Owens-Corning American Express card").

## DEFENDANT'S EMBEZZLEMENT

10. From January 2005 through November 2005, Iwatsubo used the GMP Local 52 ATM debit card to make 83 unauthorized ATM cash withdrawals from the GMP Local 52 checking account. These unauthorized ATM cash withdrawals resulted in over $47,000 in cash and transaction fees being debited from the GMP Local 52 checking account.

11. None of the cash withdrawals Iwatsubo made from the GMP Local 52 checking account using the ATM debit card were authorized by Iwatsubo's fellow union officers or the GMP Local 52 membership. Nor were any of these ATM cash withdrawals related to GMP Local 52 business. Iwatsubo converted these ATM cash withdrawals for his personal use. Iwatsubo was in possession of the GMP Local 52 ATM debit card during the period of the unauthorized ATM withdrawals, and at no time reported to Bank of the West that the ATM debit card had been lost or stolen.

INDICTMENT                                    3

12. From January 2005 and continuing on an approximately regular monthly basis through November 2005, and as part of Iwatsubo's continuing scheme to embezzle money from GMP Local 52 for his personal use as set forth herein, Iwatsubo made false entries on GMP Local 52's financial records in order to conceal his scheme to embezzle from GMP Local 52. Iwatsubo was responsible for the check register entries showing the GMP Local 52's checking account balance from at least January 2005 through November 2005. During this period Iwatsubo did not record in the union's check register any of the 83 cash withdrawals totaling over $47,000 that he made using the GMP Local 52 ATM debit card. Iwatsubo also made false balance entries on the check register to conceal his scheme to defraud. For example, at the end of October 2005 Iwatsubo reported in the check register that the GMP Local 52's checking account balance was $53,262.13. In reality, the GMP Local 52's bank statement Iwatsubo was receiving showed that the checking account's balance at the end of October 2005 was approximately $2,800.

13. On or about September 23, 2005, investigators of the Department of Labor - Office of Labor Management Standards (OLMS) interviewed Iwatsubo in connection with a routine audit of the prior fiscal year ending October 31, 2004. During that interview, Iwatsubo stated that GMP Local 52 had recently received an ATM debit card, but that he had not yet received any financial statements related to the ATM debit card.

14. On or about November 18, 2005, Iwatsubo used the ATM debit card to make an unauthorized $800 payment to his Owens-Corning American Express card using GMP Local 52 funds. Iwatsubo did not have permission from his fellow union officers or the GMP Local 52 membership to make this $800 payment to his Owens-Corning American Express card using GMP Local 52's funds, nor was the payment related to GMP Local 52 business. Iwatsubo diverted the $800 in GMP Local 52 union funds to pay for personal charges that he made on the Owens-Corning American Express card that were unauthorized and unrelated to Owens-Corning business. Iwatsubo resigned as financial secretary-treasurer of GMP Local 52 on December 13, 2005.

//

INDICTMENT                                         4

1  COUNT ONE: (29 U.S.C. § 501(c) – Embezzlement)
2     15.    The allegations contained in paragraphs 1 through 14 of this Indictment are
3  realleged and by this reference fully incorporated herein.
4     16.    Between in or around January 2005 and November 2005, in the Northern District
5  of California, the defendant,
6                         CURTIS IWATSUBO,
7  while an officer of GMP Local 52, a labor organization engaged in an industry affecting
8  commerce, and while employed directly and indirectly by said labor organization, did knowingly
9  embezzle, steal, and unlawfully and willfully convert to his own use, the moneys, funds,
10 securities, property, and other assets of GMP Local 52, in violation of Title 29, United States
11 Code, Section 501(c).
12 COUNT TWO: (18 U.S.C. § 1001 – False Statements to Government Agency)
13    17.    The allegations contained in paragraphs 1 through 14 of this Indictment are
14 realleged and by this reference fully incorporated herein.
15    18.    On or about September 23, 2005, in the Northern District of California, the
16 defendant,
17                         CURTIS IWATSUBO,
18 in a matter within the jurisdiction of the United States Department of Labor, did knowingly and
19 willfully make a material false statement to investigators of the Department of Labor - Office of
20 Labor Management Standards (OLMS) by falsely indicating during an OLMS audit of GMP
21 Local 52 that he had to date not received any financial statements related to the GMP Local 52
22 ATM debit card, when in fact he knew that at that time he had already received in the mail at his
23 home address in Santa Clara several monthly statements for the GMP Local 52 checking account
24 //
25 //
26 //
27 //
28 //

INDICTMENT                          5

that related to GMP Local 52 ATM debit card activity, all in violation of Title 18, United States Code, Section 1001.

DATED:
3/24/10

A TRUE BILL

*Heather McNeely*
FOREPERSON (Deputy)

JOSEPH P. RUSSONIELLO
United States Attorney

JEFFREY D. NEDROW
Deputy Chief, San Jose Branch Office

(Approved as to form: *[signature]* )
AUSA Fazioli

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | |
|---|---|
| BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING | **Name of District Court, and/or Judge/Magistrate Location**<br>NORTHERN DISTRICT OF CALIFORNIA<br>**FILED** MAR 24 2010 |
| **OFFENSE CHARGED**<br>Count One:<br>29 U.S.C. Section 501(c) - Embezzlement;<br>Count Two:<br>18 U.S.C. Section 1001 - False Statements to Government Agency<br>☐ Petty ☐ Minor ☐ Misdemeanor ☑ Felony<br>E-filing<br>PENALTY:<br>Count One: 5 years imprisonment, $10,000 fine, 3 years supervised release; $100 special assessment<br>Count Two: 5 years imprisonment, $250,000 fine, 3 years supervised release; $100 special assessment | **DEFENDANT - U.S.**<br>▶ CURTIS IWATSUBO<br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>**DISTRICT COURT NUMBER**<br>CR 10 00212 JF HRL |
| **PROCEEDING**<br>Name of Complaintant Agency, or Person (&Title, if any)<br>Department of Labor - Office of Labor-Management Standards (OLMS)<br>☐ person is awaiting trial in another Federal or State Court, give name of court<br>☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District<br>☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: ☐ U.S. Att'y ☐ Defense<br>☐ this prosecution relates to a pending case involving this same defendant<br>☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under<br>SHOW DOCKET NO.<br>MAGISTRATE CASE NO. | **DEFENDANT**<br>**IS NOT IN CUSTODY**<br>1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶<br>2) ☐ Is a Fugitive<br>3) ☐ Is on Bail or Release from (show District)<br>**IS IN CUSTODY**<br>4) ☐ On this charge<br>5) ☐ On another conviction<br>6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State<br>If answer to (6) is "Yes", show name of institution<br>Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed<br>**DATE OF ARREST** ▶ Month/Day/Year<br>Or... if Arresting Agency & Warrant were not<br>**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year |
| Name and Office of Person Furnishing Information on THIS FORM — JOSEPH P. RUSSONIELLO<br>☑ U.S. Att'y ☐ Other U.S. Agency<br>Name of Asst. U.S. Att'y (if assigned) JOSEPH FAZIOLI | ☐ This report amends AO 257 previously submitted |
| **ADDITIONAL INFORMATION OR COMMENTS** | |
| PROCESS:<br>☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: No Bail<br>If Summons, complete following:<br>☐ Arraignment ☐ Initial Appearance<br>Defendant Address:<br>*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment<br>Date/Time:<br>Before Judge:<br>Comments: | |